**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NORTH CAROLINA**
**CHARLOTTE DIVISION**
**3:12-cv-542-FDW**
**(3:05-cr-42-FDW-1)**

| | |
|---|---|
| JACQUELINE YVETTE SPRINGS, ) </br> ) </br> Petitioner, ) </br> ) </br> v. ) </br> ) </br> UNITED STATES OF AMERICA, ) </br> ) </br> Respondent. ) </br> ) | **ORDER** |

**THIS MATTER** is before the Court on Petitioner's motion for relief under 28 U.S.C. § 1651. For the reasons that follow, the Court finds that Petitioner is entitled to no relief, and this action will be denied and dismissed.

## I. BACKGROUND

On February 28, 2005, Petitioner was charged in a four count Indictment returned by the grand jury for the Western District. The Government thereafter filed a notice to seek enhanced penalties under 21 U.S.C. § 851 contending that Petitioner had two prior felony drug convictions. (3:05-cr-42, Doc. No. 6). On July 6, 2006, Petitioner appeared by U.S. Magistrate Judge David C. Kessler and entered pleas of guilty to Counts One and Three of her Indictment, and the Government agreed to dismiss the remaining two counts. Count One charged Petitioner with conspiring to possess with intent to distribute cocaine base, in violation of 21 U.S.C. § 841(a)(1), and Count Three charged Petitioner with using and carrying a firearm in furtherance of a drug trafficking crime and aiding and abetting the same, in violation of 18 U.S.C. § 924(c). (Doc. No. 23: Acceptance and Entry of Guilty Plea; Doc. No. 28: Judgment in a Criminal Case at 2).

On July 26, 2007, Petitioner was sentenced to a term of 120 months active imprisonment on Count One with an 8-year term of supervised release. Petitioner was sentenced to a mandatory consecutive term of 60 months active time for conviction on Count Three. (Doc. No. 28 at 2-3). Petitioner did not file an appeal and did not file an action for collateral relief until she filed the present petition.

## II. DISCUSSION

Petitioner is challenging her sentence under the All Writs Act as codified in 28 U.S.C. § 1651. Federal courts have the power under Section 1651 to grant a writ of error *coram nobis* and vacate Petitioner's sentence, however, this is an extraordinary remedy and relief should be granted "only under circumstances compelling such action to achieve justice." United States v. Mandel, 862 F.2d 1067, 1074-75 (4th Cir. 1988) (quoting United States v. Morgan, 346 U.S. 502, 511 (1954)). No such circumstances are present in Petitioner's case.

Petitioner contends that a recent court ruling by the Fourth Circuit in United States v. Simmons, 649 F.3d 237 (4th Cir. 2011), provides her with an opportunity to attack her sentence. In Simmons, the Fourth Circuit held that in order for a prior felony conviction to serve as a predicate offense under the [Controlled Substances Act], the individual defendant must have been convicted of an offense for which they could be sentenced to a term exceeding one year. Simmons, 649 F.3d at 243. Simmons overruled United States v. Harp, 406 F.3d 242 (4th Cir. 2005), which provided that in determining "whether a conviction is for a crime punishable by a prison term exceeding one year [under North Carolina law] we consider the maximum aggravated sentence that could be imposed for that crime upon a defendant with the worst possible criminal history." Id. (quoting Harp, 406 F.3d at 246) (emphasis omitted). Thus, Simmons provided that the focus must be on the criminal history of the defendant being

sentenced.

Petitioner argues that her prior felony convictions, which the Government notified her by way of the Section 851 notice, do not qualify her for the sentence she received based on the holding in Simmons. Although Petitioner says "convictions" she only addresses her prior state conviction for possession of marijuana and neglects to note the prior felony conviction for possession with intent to distribute cocaine and heroin for which she was sentenced to 15 months. (3:12-cv-542, Doc. No. 1 at 4-5).

The Section 851 notice informed Petitioner that the Government would rely on two prior convictions as predicate felonies to support an enhancement of her sentence under 21 U.S.C. § 841(b)(1)(B). (3:05-cr-42, Doc. No. 6). The first felony conviction was for conspiracy to possess with intent to distribute cocaine and heroin and was obtained in federal district court in the Western District. On July 5, 1994, Petitioner was sentenced on this conviction to a four year term of probation. On February 23, 1998, her probation was revoked and her sentence was activated and she was sentenced to a 15-month active term of imprisonment. (Doc. No. 43: Presentence Investigation Report ("PSR") at 8 ¶ 33). The second conviction was obtained in North Carolina state court and was for felony possession of marijuana. Petitioner was sentenced to a suspended term of 4-5 months. (Id. ¶ 37).

In the present case, Petitioner was convicted under 21 U.S.C. § 841(a)(1) of possession with intent to distribute cocaine base. Under the penalty provision of Section 841, in force at the time Petitioner committed her offenses and was sentenced, a defendant convicted of a Section 841(a)(1) offense with a prior felony conviction which was final "shall be sentenced to a term of imprisonment which may not be less than 10 years and not more than life imprisonment." This statute also provides that an 8-year term of supervised release is mandatory. 21 U.S.C. §

841(b)(1)(B) (2006). The statute clearly provides that only one prior felony conviction is required to trigger the sentence of 10 years to life, and the 8-year term of supervised release.

Petitioner was sentenced to a term of 120 months on Count One and an 8-year term of supervised release. The Court finds Petitioner's 1994 federal conviction qualifies as a prior felony under Section 841(b)(1)(B) because she was sentenced to a term of 15 months. That she did not receive a sentence of more than one year on the marijuana conviction is of no consequence as only one felony conviction was needed. Accordingly, Petitioner's argument that Simmons affords her relief is without merit.

### III. CONCLUSION

**IT IS, THEREFORE, ORDERED** that Petitioner's Motion under 28 U.S.C. § 1651 is **DENIED** and **DISMISSED**. (3:12-cv-542, Doc. No. 1).

Signed: September 24, 2012

Frank D. Whitney
United States District Judge