UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:13-cv-437-FDW
(3:05-cr-42-FDW-1)

| | | |
|---|---|---|
| JACQUELINE YVETTE SPRINGS, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

**THIS MATTER** is before the Court on an initial review of Petitioner's motion to vacate, set aside or correct sentence, filed pursuant to 28 U.S.C. § 2255.

## I. BACKGROUND

On July 6, 2006, Petitioner entered into a plea agreement with the Government therein agreeing to plead guilty to one count of conspiracy to possess with intent to distribute cocaine base, in violation of 21 U.S.C. § 841(a)(1) (Count One), and one count of using and carrying a firearm in furtherance of a drug trafficking crime and aiding and abetting the same, in violation of 18 U.S.C. § 924(c) (Count Three). That same day, Petitioner appeared with counsel before the magistrate judge for her Plea and Rule 11 hearing and her pleas of guilty were accepted by the court. During the hearing, the court reviewed the elements of Counts One and Three and Petitioner averred that she understood the elements of the two charges and that she was in fact guilty of each count. (3:05-cr-42, Doc. No. 23: Plea Agreement; Doc. No. 24: Acceptance and Entry of Guilty Plea).

On July 10, 2007, Petitioner appeared before this Court for her sentencing hearing.

1

Petitioner confirmed her appearance before the magistrate judge and admitted that she would answer each question before the Court as she had before the magistrate judge during her Rule 11 hearing. Petitioner's plea of guilty to Counts One and Three was reaffirmed by her and accepted by the Court and Petitioner was sentenced to 120-months' imprisonment on Count One and a consecutive term of 60-months' imprisonment on Count Three. (Doc. No. 28: Judgment in a Criminal Case). Petitioner did not file a direct appeal from this judgment.

On September 24, 2012, Petitioner filed a motion under the All Writs Act, pursuant to 28 U.S.C. § 1651, contending that she was entitled to relief based on the Fourth Circuit's decision in United States v. Simmons, 649 F.3d 237 (4th Cir. 2011) (en banc). The Court denied relief and Petitioner did not appeal. (3:12-cv-542-FDW, Doc. No. 2).

On July 1, 2013, Petitioner filed a pro se motion to reduce her sentence contending that a recent amendment to the Guidelines makes her eligible for a four-point reduction in her criminal history points. The Court finds that this motion, in as much as it challenges the legality of her sentence, is properly considered as a petition for relief under § 2255. See 28 U.S.C. § 2255(a) (providing for a challenge to a sentence that is "in excess of the maximum authorized by law."). (3:13-cv-437, Doc. No. 2).

On July 30, 2013, Petitioner filed what she labeled as a motion to vacate her sentence under § 2255. (Doc. No. 1). Petitioner contends that the recent Supreme Court decision in Alleyne v. United States, ___ U.S. ___, 133 S. Ct. 2151(2013), entitles her to relief in this collateral proceeding because the Court overruled its decision in Harris v. United States.[1] In overruling Harris, the Alleyne Court held that:

[a]ny fact that, by law increases the penalty for a crime is an "element" that must

---
[1] 536 U.S. 545, 122 S.Ct. 2406 (2002).

> be submitted to the jury and found beyond a reasonable doubt. Mandatory
> minimum sentences increase the penalty for a crime. It follows, then, that any fact
> that increases the mandatory minimum is an "element" that must be submitted to
> the jury.

Alleyne, 133 S. Ct. at 2155 (citation omitted). Based on the holding in Alleyne, Petitioner contends that her Sixth Amendment right to a jury trial was violated. For the reasons stated below, the Court finds that Petitioner's motion to reduce sentence and motion for relief based on Alleyne will be denied and dismissed.

## II.   STANDARD OF REVIEW

Pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings, sentencing courts are directed to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings" in order to determine whether a petitioner is entitled to any relief. After having considered the record in this matter, the Court finds that no response is necessary from the United States. Further, the Court finds that this matter can be resolved without an evidentiary hearing. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

## III.   DISCUSSION

### A.   Motion for Reduction of Sentence

Petitioner contends that a recent amendment to the Sentencing Guidelines entitles her to have her criminal history points reduced from six points to two points. The Court finds that this motion is properly considered as a § 2255 motion because its sole aim is to attack the legality of her sentence. The district courts are instructed to "classify *pro se* pleadings from prisoners according to their contents, without regard to their captions." United States v. Winestock, 340 F.3d 200, 203 (4th Cir. 2003) (citing United States v. Emmanuel, 288 F.3d 644, 647 (4th Cir. 2002)).

According to her presentence report ("PSR"), Petitioner's total offense level for convictions on Counts One and Three of her indictment was 25. (3:05-cr-42, Doc. No. 43: PSR ¶ 22). The PSR calculated that Petitioner had six criminal history points. Three points were assessed for conviction of conspiracy to possess with intent to distribute cocaine which was sustained in the Western District on July 5, 1994. Petitioner was sentenced to a 4-year term of probation which was later revoked and she was ordered to serve an active-term of 15-months' imprisonment in the Federal Bureau of Prisons. (Id. ¶ 33). One point was assessed for a state marijuana conviction sustained on March 25, 2003, for which Petitioner was sentenced to a suspended term of 4-5 months' imprisonment and placed on 24-months' probation. (Id. ¶ 37). Last, two points were assessed because Petitioner was on probation for the March 25, 2003 marijuana conviction at the time she committed the instant federal offenses. (Id. ¶ 41).

As noted, Petitioner was sentenced on Counts One and Three in this Court on July 26, 2007, and by her own admission the changes to the Guidelines upon which she now relies were not made effective until November 1, 2012. Petitioner's motion will be denied because she was sentenced long before the November 1st Guidelines change, and because her judgment was final prior to any such amendment.[2]

B.    Motion for Relief under Alleyne

Under the Antiterrorism and Effective Death Penalty Act ("AEDPA"), Congress has provided that a 1-year period of limitation shall apply to a motion under Section 2255. The limitation period shall run from the latest of—

---

[2] The Court notes that Petitioner was subject to a mandatory statutory term that was no less than 10 years and not more than life based on the § 851 notice. Her total offense level was 25 and her criminal history category was a Level III, making the Guideline range 70-87 months. As the PSR notes, Petitioner was nevertheless still subject to the statutory minimum of 10 years imprisonment because the statutory minimum exceeded the maximum range under the Guidelines. (PSR ¶¶ 60-61).

4

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f)(1)-(4).

The only provision which could apply in the instant case is § 2255(f)(3) based on Petitioner's assertion that the Supreme Court in Alleyne has asserted a new right that is retroactively applicable on collateral review. This argument must be denied.

Petitioner was properly noticed by the Government of its intention to seek enhanced penalties based on prior controlled substance offenses, as required by 21 U.S.C. § 851, and there is no indication in Alleyne that the fact of a prior conviction need by found by a jury. See Alleyne, 133 S. Ct. at 2160 n.1. But more to the point, Petitioner admitted in her plea agreement and under oath that she had a qualifying offense to support the Government's intention to seek a sentencing enhancement under § 851 if she was found guilty of the § 841(a)(1) offense. Petitioner also admitted in her plea agreement and under oath that she was statutorily required to serve a 5-year term upon conviction for violation of 18 U.S.C. § 924(c), with such term to be served consecutively to the term imposed on the § 841(a)(1) conviction. (3:05-cr-42, Doc. No. 23 ¶ 4). Finally, Petitioner appeared before this Court for sentencing and affirmed her solemn admissions during the Rule 11 hearing.

The Court finds that Petitioner's contention that she was deprived of her Sixth Amendment right to have a jury determine whether she was in fact guilty of a qualifying offense under § 851, or to determine whether she used or carried a firearm in furtherance of the drug conspiracy, is foreclosed, for among reasons, by her solemn admissions of guilt to Counts One and Three, and her admission regarding her prior controlled substance offense. See United States v. Lemaster, 403 F.3d 216, 221 (4th Cir. 2005) ("[B]ecause courts must be able to rely on the defendant's statement made under oath during a properly conducted Rule 11 colloquy," when a defendant provides "solemn declarations in open court affirming a plea agreement," this sworn testimonial evidence carries a "strong presumption of verity.") (citation omitted). "Thus, in the absence of extraordinary circumstances, the truth of sworn statements made during a Rule 11 colloquy is conclusively established, and a district court should, without holding an evidentiary hearing, dismiss any § 2255 motion that necessarily relies on allegations that contradict the sworn statements.'" Lemaster, 403 F.3d at 221-22 (citation omitted). In sum, the Court finds, as it did during sentencing, that Petitioner knowingly waived her right to have a jury determine whether she was in fact guilty of the elements of Counts One and Three, and that she knowingly admitted to the fact of her prior § 851 offenses. Therefore, her position that intervening law should entitle her to relief from her sentence cannot be sustained.

Moreover, it is well-settled that a knowing and voluntary plea of guilty constitutes an admission to the material elements of a crime. See McCarthy v. United States, 394 U.S. 459, 466 (1969). In fact, Petitioner's guilty plea "constitutes a waiver of all nonjurisdictional defects, including the right to contest the factual merits of the charges." United States v. Willis, 992 F.2d 489, 490 (4th Cir. 1993). The elements of the § 924(c) offense and the fact of her prior

conviction were carefully explained to Petitioner during her Rule 11 colloquy and she admitted her guilt under oath, therefore the present challenge is precluded by these admissions.

Finally, it should be noted that the Supreme Court reached its decision regarding the scope of a defendant's Sixth Amendment right to a jury trial on a direct review of Alleyne's conviction and sentence. In the present case, Petitioner did not participate in direct review of her judgment and it has long since been final. "Alleyne is an extension of Apprendi v. New Jersey, 530 U.S. 466 (2000). The Justices have decided that other rules based on Apprendi do not apply retroactively on collateral review." Simpson v. United States, __ F.3d __, 2013 WL 3455876, at *1 (7th Cir. 2013) (citing Schiro v. Summerlin, 542 U.S. 348 (2004)). Thus, it appears that notwithstanding Petitioner's sworn admissions, she is not entitled to collateral relief in this proceeding.

For the foregoing reasons, Petitioner's § 2255 motion to vacate her sentence based on the Supreme Court's holding in Alleyne will be denied. (Doc. No. 1).

## IV. CONCLUSION

**IT IS, THEREFORE, ORDERED** that Petitioner's motion to vacate her sentence based on intervening law is **DENIED** and **DISMISSED**. (Doc. No. 1).

**IT IS FURTHER ORDERED** that Petitioner's motion for relief from her sentence is **DENIED** and **DISMISSED**. (Doc. No. 2).

**IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2255 Cases, this Court declines to issue a certificate of appealability as either of the claims presented in Documents 1 and 2 because Petitioner has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322,

336-38 (2003) (stating that in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 474, 484 (2000) (holding that when relief is denied on procedural grounds, a petitioner must establish both that the correctness of the dispositive procedural ruling is debatable and that the petition states a debatably valid claim of the denial of a constitutional right).

The Clerk of Court is respectfully directed to close this civil case.

**IT IS SO ORDERED.**

Signed: August 9, 2013

Frank D. Whitney
Chief United States District Judge