UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:05-cr-00042-FDW-1

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| vs. ) | |
| ) | ORDER |
| JACQUELINE YVETTE SPRINGS, ) | |
| ) | |
| Defendant. ) | |
| ) | |

THIS MATTER is before the Court on Defendant Jacqueline Yvette Springs' ("Springs") Motion for Amended Judgment under The First Step Act of 2018. (Doc. No. 55). Springs, through counsel, asks the Court to reduce her current sentence of 180 months to time served. The government asserts that Springs is ineligible for consideration of a reduction in her sentence, and in the alternative, that if she is eligible for consideration, a further reduction of her sentence is not warranted. For the reasons stated below, the Court GRANTS in part Springs' motion as to her eligibility for consideration of a sentence reduction under the First Step Act and DEFERS in part Springs' motion as to the modification of her sentence pending a sentencing hearing before the undersigned.

I. BACKGROUND

In February 2005, Springs was indicted on four charges: (1) violating 21 U.S.C. § 841(b)(1)(B) by conspiring to possess 5 or more grams of cocaine base with the intent to distribute (Count One); (2) violating 21 U.S.C. § 841(b)(1)(B) by possessing 5 or more grams of cocaine base with the intent to distribute (Count Two); (3) violating 18 U.S.C. § 924(c) by possessing a firearm in furtherance of a drug trafficking offense (Count Three); and (4) violating 18 U.S.C. § 922(g) by possessing a firearm after a felony conviction (Count Four). (Doc. No. 3). On July 6,

1

2006, Springs entered into a plea agreement with the United States where she pleaded guilty to Counts One and Three.  (Doc. No. 23).  In her plea agreement, Springs stipulated that more than 20 grams and less than 35 grams of crack cocaine were reasonably foreseeable to Springs.  Id. Pursuant to 21 U.S.C. §§ 841(b)(1)(B) and 851, Springs faced a statutory sentencing range of 10 years to life.  (Doc. No. 43, p. 14).  Under the sentencing guidelines, her base offense level was 28.  Id. at 5.  She received a 3-point decrease for acceptance of responsibility for a total offense level of 25.  Id. at 6.  Coupled with a criminal history category of III, her guideline range was 70-87 months for Count One.  Id. at 15.  However, because the statutory mandatory minimum for Count One was greater than the maximum of the guideline range, Springs faced a statutory minimum sentence of 120 months on Count One, plus a mandatory consecutive sentence of not less than 60 months for Count Three and a required supervised release term of at least 8 years. (Docs. No. 27, 43).

On July 10, 2007, Springs was sentenced to a term of 120 months for the drug-trafficking offense and a consecutive term of 60 months in prison for the firearm offense, plus a required supervised release term of at least 8 years.  (Doc. No. 28).  Springs has served approximately 167 months and her projected release date is May 13, 2020.  See BOP Inmate Locator, www.bop.gov/inmateloc.

## II. ANALYSIS

Springs seeks relief under the First Step Act, arguing that she is eligible for relief and that this Court has discretion to reduce her sentence to time served.

A. First Step Act Eligibility

When Springs was sentenced, a violation of § 841(b)(1)(B) carried a penalty range of 5 to 40 years if the offense involved more than 5 grams of cocaine base.  21 U.S.C. § 841(b)(1)(B)

(2006). In 2010, the Fair Sentencing Act was passed, and Section 2 of the Act reduced penalties for offenses involving cocaine base by increasing the threshold drug quantities required to trigger mandatory minimum sentences under 21 U.S.C. § 841(b)(1). Fair Sentencing Act of 2010, Pub. L. No. 111-220, § 2, 124 Stat. 2372 (2010). Now, in order to trigger the 5-to-40-year sentencing range, the offense must involve more than 28 grams of cocaine base.

The First Step Act (the "Act") was passed on December 21, 2018. Section 404 of the Act permits a court, upon motion of the defendant or Government, or upon its own motion, to impose a reduced sentence for certain offenses in accordance with the Fair Sentencing Act of 2010, if such a reduction was not previously granted. Covered offenses eligible for a sentence reduction are those committed before August 3, 2010 and carry the statutory penalties which were modified by Section 2 or 3 of the Fair Sentencing Act of 2010. First Step Act of 2018, Pub. L. No. 115-015, 132 Stat. 015 (2018).

The Government contends that even though Springs committed her offense before August 3, 2010, and even though her offenses carry the statutory penalties that were modified by Section 2 of the Fair Sentencing Act, that she does not qualify for a sentence reduction. The Government argues that it is the drug weight for which defendant was held responsible and not the drug weight for which she was indicted and convicted that determines eligibility for First Step Act relief and that Springs' drug quantity in the Presentence Investigation Report ("PSR") makes her ineligible for relief. (Doc. No. 56, pp. 4–5). Because Springs was found responsible for 32.24 grams of cocaine base, which would make her subject to 21 U.S.C. § 841(b)(1)(B) penalties, the Government contends that she is not entitled to relief under the First Step Act. Id. at 5. Springs, however, argues that drug weight is an element of the offense and that any fact that increases a

mandatory minimum penalty is an element that must be charged in an indictment and proved to a jury beyond a reasonable doubt. (Doc. No. 55, pp. 5–6).

In Apprendi, the Supreme Court held that the Sixth Amendment to the Constitution requires that any fact that increases the penalty for a crime beyond the prescribed statutory maximum, other than the fact of a prior conviction, must be submitted to a jury and proved beyond a reasonable doubt. 530 U.S. at 490. In Alleyne v. United States, the Supreme Court applied Apprendi to the federal mandatory minimum and maximum sentencing scheme and held that because mandatory minimum sentences increase the penalty for a crime, any fact that increases the mandatory minimum is an element of the crime that must be submitted to the jury. 570 U.S. 99, 116 (2013) (overruling Harris v. United States, 536 U.S. 545 (2002)).

The Government appears to assert, correctly, that neither Apprendi nor Alleyne are retroactively applicable on collateral review. (Doc. No. 56, pp. 5–7); see United States v. Sanders, 247 F.3d 139, 146 (4th Cir. 2001) (joining other circuits in finding that Apprendi does not apply retroactively to cases on collateral review); United States v. Stewart, 540 Fed. Appx. 171 (4th Cir. 2013) (per curiam) (noting that Alleyne has not been made retroactively applicable to cases on collateral review). Specifically, the Government argues that "[a]fter Apprendi was decided, including before passage of the Fair Sentencing Act, the jury ordinarily made a finding regarding the threshold quantity stated in the statute for purposes of establishing the statutory-maximum penalty, but the sentencing court could and did impose statutory-minimum penalties regardless of any jury finding[,]" a practice authorized by Harris v. United States, 536 U.S. 545 (2002). (Doc. No. 56, p. 6). The Government contends that nothing in the First Step Act suggests that Congress intended to adopt a different methodology, and that the Act only directs a court to examine a sentence as if Sections 2 and 3 of the Fair Sentencing Act were in effect at the time, and did not

4

change the manner of determining quantity. Id. The Court finds that the Government is essentially asking the Court to apply the holding in Harris and disregard Alleyne, which the Court declines to do. E.g., United States v. Welch, No. 7:10-CR-0054-008, 2019 WL 2092580, at *3 (W.D. Va. May 13, 2019) (rejecting similar arguments made by the Government).

     Here, this Court found Springs guilty of conspiracy to possess with intent to distribute at least five grams crack cocaine and possession of a firearm in furtherance of a drug-trafficking offense. (Doc. No. 43, p. 1). Under Alleyne, this Court is not free to ignore that finding and impose a penalty based on the 32.24 grams of cocaine base reference in the PSR. Thus, while the Court acknowledges that Apprendi and Alleyne are not retroactively applicable on collateral review, the Court joins other courts, including courts in this circuit, in finding that Apprendi and Alleyne apply to the First Step Act. See United States v. Ancrum, No. 5:02-CR-30020, 2019 WL 2110589, at *3 (W.D. Va. May 14, 2019) (citing Alleyne and finding that the amount the defendant pleaded guilty to, not the PSR finding, controls the defendant's eligibility under the First Step Act); Welch, 2019 WL 2092580, at *3 (same); United States v. Smith, No. 7:04-CR-0072-4, 2019 WL 2092581, at *3 (W.D. Va. May 13, 2019) (same); United States v. Stanback, No. 5:02-CR-30020-1, 2019 WL 1976445, at *3 (W.D. Va. May 2, 2019) (same); United States v. Simons, No. 07-CR-00874, 2019 WL 1760840 at *6 (E.D.N.Y. Apr. 22, 2019) (citing Alleyne and finding that statutory penalties are determined by facts submitted to a grand jury, trial jury, or established by a guilty plea while findings by a judge may be used to determine a sentence within the statutory penalties and cannot change "the mandatory minimum sentence now applicable"); United States v. Dodd, No. 3:03-CR-18-3, 2019 WL 1529516 (S.D. Iowa Apr. 9, 2019) (finding in a First Step Act case that "[b]oth Apprendi and Alleyne are binding on this Court for sentencings held today."); United States v. Davis, No. 07-CR-245(S)(1), 2019 WL 1054554 (W.D.N.Y. Mar. 6, 2019), appeal

5

docketed, No. 19-874 (2nd Cir. Apr. 5, 2019) ("[I]t is the statute of conviction, not actual conduct, that controls eligibility under the First Step Act."); see also United States v. Laguerre, No. 5:02-CR-30098-3, 2019 WL 861417 (W.D. Va. Feb. 22, 2019) (relying without discussion on charged drug weight rather than PSR weight to find defendant eligible for relief). Accordingly, the Court finds that Springs is eligible for relief under the First Step Act.

B. Relief

Having found that Springs is eligible for relief, the court must determine what relief, if any, to award. The First Step Act provides, "A court that imposed a sentence for a covered offense may . . . impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act of 2010 . . . were in effect at the time the covered offense was committed." Pub. L. 115-391, 132 Stat. 5194, § 404(b) (2018). Here, Springs requests that the Court reduce her sentence to time served or, in the alternative, vacate her sentence and conduct a de novo resentencing. The Court hereby sets a sentencing hearing on **July 29, 2019** at **9:00 a.m.** in Courtroom #1-1 of the Charles R. Jonas Building, 401 W. Trade Street, Charlotte, North Carolina 28202.[1]

IT IS SO ORDERED.

Signed: July 23, 2019

Frank D. Whitney
Chief United States District Judge

---

[1] The Court notes that defense counsel has indicated that Defendant waives her right to be present at the hearing. (Doc. No. 55). The Court, however, believes that it needs a written waiver signed by Defendant and defense counsel. Defense counsel is instructed to obtain a written waiver by Defendant by the hearing date and file the waiver with the Court.